UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

MADELINE SANTIAGO, Individually and as
Mother and Next Friend of C.S.,
    Plaintiffs,

v.                                    CIVIL ACTION NO.
                                        09-10055-MBB

GIOVANNI H. BLOISE and
TOWN OF METHUEN,
    Defendants.

**MEMORANDUM AND ORDER RE:**
**MOTION FOR JUDGMENT ON THE PLEADINGS**
**(DOCKET ENTRY # 22)**

**October 5, 2010**

**BOWLER, U.S.M.J.**

    Pending before this court is a motion for judgment on the pleadings for Count II filed by defendant Town of Methuen ("Town of Methuen"). (Docket Entry # 22). Plaintiffs Madeline Santiago ("plaintiff"), individually and on behalf of her daughter, C.S. ("daughter"), (collectively: "plaintiffs") oppose the dismissal of Count II. (Docket Entry # 24). On March 3, 2010, this court held a hearing and took the motion (Docket Entry # 22) under advisement.

PROCEDURAL HISTORY

The four count complaint against the Town of Methuen and defendant Giovanni H. Bloise ("Bloise"), the town constable, sets out the following claims: (1) a violation of 42 U.S.C. § 1983 ("section 1983") against Bloise for unlawful arrest and search and seizure (Count I); (2) a section 1983 civil rights violation under a theory of a failure to train or supervise constables regarding Bloise's actions brought against the Town of Methuen (Count II); (3) false imprisonment against Bloise (Count III); and (4) intentional or negligent infliction of emotional distress against Bloise (Count IV). (Docket Entry # 1).

Count II is the only claim at issue in the motion for judgment on the pleadings. (Docket Entry # 23). The Town of Methuen argues that the count does not contain a proper section 1983 claim because it fails to identify a custom or policy of the town. The Town of Methuen contends that such an omission makes the claim insufficient to demonstrate deliberate indifference towards the training and supervision of constables. (Docket Entry # 23).

Plaintiffs submit that there is no heightened pleading standard for a section 1983 claim against a municipality. (Docket Entry # 24). According to plaintiffs, the complaint provides sufficient facts to demonstrate that Bloise, in his

appointed position as constable, acted under color of state law when the incident occurred.  (Docket Entry # 24).

## STANDARD OF REVIEW

A Rule 12(c) motion for judgment on the pleadings "'is treated much like a Rule 12(b)(6) motion to dismiss.'"  Perez-Acevedo v. Rivero-Cubano, 520 F.3d 26, 29 (1st Cir. 2008).  Because a Rule 12(c) "motion calls for an assessment of the merits of the case at an embryonic stage, the court must view the facts contained in the pleadings in the light most favorable to the nonmovant and draw all reasonable inferences therefrom" in the nonmovant's favor.  R.G. Financial Corp. v. Vergara-Nunez, 446 F.3d 178, 182 (1st Cir. 2006).  Under Bell Atlantic v. Twombly, 550 U.S. 544, 555 (2007), "to survive a Rule 12(b)(6) motion (and, by extension, a Rule 12(c) motion) a complaint must contain factual allegations that 'raise a right to relief above the speculative level, on the assumption that all the allegations in the complaint are true.'"  Perez-Acevedo v. Rivero-Cubano, 520 F.3d at 29 (quoting Bell and setting out standard of review for 12(c) motion).

A Rule 12(c) motion nonetheless differs from a Rule 12(b)(6) motion because "it implicates the pleadings as a whole."  Aponte-Torres v. University of Puerto Rico, 445 F.3d 50, 54-55 (1st Cir. 2006).  Filed after the close of the pleadings, a Rule 12(c)

3

motion is "based solely on the factual allegations in the complaint and answer." NEPSK, Inc. v. Town of Houlton, 283 F.3d 1, 8 (1st Cir. 2002).

As a result of the obligation to view the facts and reasonable inferences in favor of the nonmovant, however, a court should "treat[] any allegations in the answer that contradict the complaint as false." Goodman v. Williams, 287 F.Supp.2d 160, 161 (D.N.H. 2003); accord Rimmer v. Colt Industries Operating Corporation, 656 F.2d 323, 326 (8th Cir. 1981) (Rule 12(c) review assumes all "well pleaded factual obligations in Rimmer's amended complaint are true, and all contravening assertions in Colt's answer are assumed to be false"); see Stanton v. Larsh, 239 F.2d 104, 106 (5th Cir. 1957) (on Rule 12(c) motion, facts in "answer are taken as true only where and to the extent that they have not been denied or do not conflict with those of the complaint"). Additional facts in an answer which do not require a reply, see Rule 7(a), Fed. R. Civ. P. (no responsive pleading required except inter alia for counterclaim denoted as such), are also considered denied by the non-moving party. See Rule 8(b)(6), Fed. R. Civ. P. ("[i]f a responsive pleading is not required, an allegation is considered denied or avoided"); 5C Charles A. Wright & Arthur Miller, Federal Practice and Procedure § 1368 (2004).

Subject to certain narrow exceptions and absent a conversion of the Rule 12(c) motion to a summary judgment motion under the procedure set forth in Rule 12(d), this court's review is confined to the complaint and the answer. Exceptions exist that allow consideration of "facts susceptible to judicial notice." R.G. Financial Corp. v. Vergara-Nunez, 446 F.3d at 182 (discussing Rule 12(c) motion). In evaluating a Rule 12(c) motion, a court may also "consider 'documents the authenticity of which are not disputed by the parties'" as well as "'documents central to the plaintiffs' claim'" and "'documents sufficiently referred to in the complaint.'" Curran v. Cousins, 509 F.3d 36, 44 (1st Cir. 2007); see also Trans-Spec Truck Service, Inc. v. Caterpillar Inc., 524 F.3d 315 321-322 (1st Cir. 2008); Watterson v. Page, 987 F.2d 1, 3 (1st Cir. 1993). When the documents submitted are part of the public record, however, the court may consider them without converting the motion to dismiss into a motion for summary judgment. See In Re Stone & Webster, 253 F.Supp.2d 102, 128 & n.11 (D.Mass. 2003) (considering copies of SEC Form 4 filings without converting the motion to dismiss into a motion for summary judgment).

Plaintiffs attached an exhibit to their memorandum in opposition to the motion for judgment on the pleadings. (Docket Entry # 24, Ex. 1). The exhibit contains documentation of Bloise's appointment to the position of constable by the Town of

Methuen. (Docket Entry # 24, Ex. 1). It is not appropriate to consider the document. It was not referred to in the complaint or attached as an exhibit to the complaint. Moreover, the Town of Methuen has not had an opportunity to dispute the authenticity of the document inasmuch as it did not seek leave of court to file a reply brief. See LR 7.1(b)(3).

## FACTUAL BACKGROUND

At approximately eight in the morning on January 19, 2006, plaintiff put her daughter, then six years old, on a Methuen Public School bus to go to school. (Docket Entry # 1). On this same day, Bloise, acting as constable for the Town of Methuen and under color of law, stopped the school bus. (Docket Entry # 1).

Bloise next attempted to get plaintiff's daughter off the bus even though he had no warrant or authority to apprehend her. (Docket Entry # 1). Subsequently, Bloise made threats to plaintiffs and the bus driver in order to take plaintiff and her daughter into custody. (Docket Entry # 1). Bloise then proceeded to enter plaintiffs' home without authority and against plaintiff's request. (Docket Entry # 1).

Following a search of the home, Bloise seized plaintiff and her daughter and placed them under arrest without authority. (Docket Entry # 1). He then placed plaintiffs in a locked car and transported them to the Probate and Family Court in Lawrence,

Massachusetts.  (Docket Entry # 1).  As a result of the incident, plaintiffs experienced humiliation, embarrassment and emotional distress.  (Docket Entry # 1).

## DISCUSSION

The Town of Methuen contends that Count II is subject to Rule 12(c) dismissal because plaintiffs fail to allege a proper section 1983 claim.  (Docket Entry # 23).  The Town of Methuen argues that it did not fail to supervise Bloise, in his position as a town constable, because Bloise was not a Town of Methuen employee and therefore it owed no duty to plaintiffs.  (Docket Entry # 23).  Moreover, the Town of Methuen suggests that the allegations in the complaint are insufficient because they fail to identify either an unconstitutional or a deliberately indifferent policy employed by the Town of Methuen.  (Docket Entry # 23).  Accordingly, the Town of Methuen argues that the complaint fails to state facts allowing an inference of a policy of deliberate indifference and thereby requiring the dismissal of Count II.  (Docket Entry # 23).

Count II alleges that the Town of Methuen failed to train or supervise its constables and that such conduct constitutes gross negligence.  (Docket Entry # 1).  Accordingly, Count II must

proceed under a theory of municipal liability.[1]  Liability of municipalities only applies in limited circumstances.  See Kelley v. LaForce, 288 F.3d 1, 9 (1st Cir. 2002).  Moreover, "municipality liability is not vicarious."  Estate of Bennett v. Wainwright, 548 F.3d 155, 177 (1st Cir. 2008).  Municipal liability is only established when "municipal employees commit unconstitutional acts and those actions are shown to have been caused by a 'policy or custom' of the government."  Id.

In a failure to train claim, "only if the 'municipality's failure to train its employees in a relevant respect evidences a deliberate indifference to the rights of its inhabitants can such a shortcoming be properly thought of as a city policy or custom that is actionable under § 1983.'"  Id.  Deliberate indifference cannot be inferred; it must be shown in the complaint.  See Sanchez v. Pereira-Castilo, 590 F.3d 31, 50 (1st Cir. 2009).

For a court to find a policy of deliberate indifference, it must "be manifest to any reasonable official that his conduct was very likely to violate an individual's constitutional rights."

---

[1] Count II cannot succeed on a respondeat superior theory because such claims are not permitted against municipalities. See Ashcroft v. Iqbal, __ U.S. __, 129 S.Ct. 1937, 1948 (2009) (stating that respondeat superior claims do not apply to a municipality); see also Aponte Matos v. Toledo Davila, 135 F.3d 182, 192 (1st Cir. 1998) (noting that a section 1983 claim cannot succeed on a respondeat superior theory and that superiors are only liable based on their own actions or omissions). Additionally, Count II cannot survive under a theory of supervisory liability because plaintiffs do not name any such individuals in the complaint.  (Docket Entry # 1).

8

Pineda v. Toomey, 533 F.3d 50, 54 (1st Cir. 2008).  A municipality's failure to train or supervise its subordinates can lead to a policy of deliberate indifference.  See Kennedy v. Town of Billerica, __ F.3d __, 2010 WL 2740000, *8 (1st Cir. July 13, 2010) (finding that Town's failure to supervise or discipline police officer who falsely arrested the plaintiff amounted to deliberate indifference).  Policies of deliberate indifference can be identified through a simple plain statement, so long as the statement indicates that such policies are a custom of the municipality.  See Luthy v. Proulx, 464 F.Supp.2d 69, 74 (D.Mass. 2006) (noting that identification of three specific municipal customs or policies was sufficient to survive a motion to dismiss).

It is also well established that, "A municipality cannot be liable for the isolated actions of a single employee."  Id. "'[E]vidence of a single event alone cannot establish a municipal custom or policy' for purposes of section 1983." Argueta v. City of Revere, 2009 WL 2462622, *1 (D.Mass. Aug. 11, 2009); see also Pineda v. Toomey, 533 F.3d at 54 (due to absence of custom or policy, the plaintiff's claim failed to show deliberate indifference); Fabiano v. Hopkins, 352 F.3d 447, 452 (1st Cir. 2003) (noting that a single incident of misconduct is not sufficient to establish section 1983 claim against municipality without further evidence of an unconstitutional municipal

9

policy); Baxter v. Conte, 190 F.Supp.2d 123, 128-129 (D.Mass. 2001) (claim dismissed because the plaintiff did not allege a relevant policy or custom of the municipality, only described two isolated incidents to attempt to prove a "writ large" conspiracy against him).

Count II states that the Town of Methuen failed to train its constables through "nonexistent or reckless" training methods. (Docket Entry # 1). It provides only a general reference to "gross negligence" resulting from a lack of supervision and training of constables. (Docket Entry # 1). In pertinent part, Count II states Bloise's actions "were a result of the gross negligence on the part of Methuen in that training of the constables was nonexistent or reckless thereby exhibiting a deliberate indifference to civil rights on the part of Methuen." (Docket Entry # 1). The count also states that the incident resulted because the Town of Methuen failed to supervise and train its constables "to refrain from violations of federal rights in the arrest, search and seizure of individuals." (Docket Entry # 1).

Count II does not sufficiently set forth a policy of deliberate indifference. The details provided in the complaint regarding the policy of deliberate indifference are vague. See Luthy v. Proulx, 464 F.Supp.2d at 74. The three policies identified in Luthy are specific and detailed. They demonstrate

an actual knowledge of such existing policies unlike the policy identified by plaintiffs. Moreover, the complaint fails to elucidate the generalized references to "gross negligence" and "nonexistent or reckless" training with sufficient facts or examples to raise the allegations above the speculative level.

The complaint must also contain more than the simple recounting of Bloise's actions for Count II to survive the motion for judgment on the pleadings. Plaintiffs need to show that Bloise's actions are not isolated incidents, but instead result from a policy of deliberate indifference implemented by the Town of Methuen in the training and supervision of constables.[2] The complaint, however, only contains the facts of one specific incident, i.e., the incident that took place between plaintiffs and Bloise. (Docket Entry # 1). As in Arqueta, plaintiffs do not state any set of facts describing other incidents of a similar nature to portray a policy or pattern of deliberate indifference in the training and supervision of constables. (Docket Entry # 1). Although plaintiffs state the facts surrounding the incident with a high level of specificity, they

---

[2] A government policy or custom may be established by showing a single decision made by municipal policymakers under appropriate circumstances, but this will only suffice if the decision maker possesses final authority to establish municipal policy. See Kelley v. LaForce, 288 F.3d at 9. Plaintiffs do not set forth any facts indicating the creation of a municipal policy from a particular decision by one of the policymakers. (Docket Entry # 1).

11

only vaguely identify a policy of deliberate indifference employed by the Town of Methuen. (Docket Entry # 1). Evidence of this single event is insufficient support for the court to conclude a policy of deliberate indifference.

Even with the facts of the complaint taken as true, plaintiffs do not adequately set forth a proper section 1983 claim. One specific incident with Bloise combined with a mere reference to a custom of failure to train and supervise its constables is insufficient for Count II to survive a Rule 12(c) motion for judgment on the pleadings. That said, a dismissal of the count without providing an opportunity to amend is not appropriate. See Eastern Food Services, Inc. v. Pontifical Catholic University Services Ass'n, Inc., 357 F.3d 1, 8 (1st Cir. 2004) (permission to amend complaint "often granted not only pretrial but after dismissal for failure to state a claim where court thinks that case has some promise"); see, e.g., Luthy v. Proulx, 464 F.Supp.2d at 76 (allowing leave to amend to provide sufficient facts regarding policies of deliberate indifference).

## CONCLUSION

In accordance with the foregoing discussion, the motion for judgment on the pleadings (Docket Entry # 22) is **ALLOWED.** Count II is dismissed without prejudice with leave to amend the complaint on or before October 27, 2010. The deadline for filing

dispositive motions was six months ago on March 15, 2010. Accordingly, there shall be no extensions and this court will conduct a status conference on November 3, 2010 at 2:30 PM to set a trial date.

                                                      /s/ Marianne B. Bowler
                                           **MARIANNE B. BOWLER**
                                           United States Magistrate Judge